J-S49044-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
           v.           :
:
:
GARY CALHOUN              :
:
          Appellant     :   No. 486 WDA 2020

Appeal from the PCRA Order Entered March 19, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000449-2012

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        FILED NOVEMBER 20, 2020

Appellant Gary Calhoun appeals from the Order entered in the Court of Common Pleas of Cambria County on March 19, 2020, denying his fourth petition filed pro se pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

When considering Appellant's third PCRA petition, a prior panel of this Court reiterated the relevant facts and procedural history herein as follows:

> Appellant was charged with one count of corruption of minors and two counts each of indecent assault and endangering the welfare of children after his daughter, H.C., disclosed that Appellant repeatedly had her remove her pants and underwear, ostensibly so that Appellant could check to see if she was wiping properly, and touched her vaginal area, rubbing his fingers in a circular motion. A jury convicted Appellant of one count of corruption of minors and, on December 17, 2013, the

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

trial court sentenced him to a mandatory term of twenty-five years in prison pursuant to 42 Pa.C.S.A. § 97[18]. Commonwealth v. Calhoun, 848 WDA 2015, 2016 WL 4965111, *1 (Pa. Super. July 11, 2016) (unpublished mem.) (footnotes and alterations omitted). We add that Appellant testified in his own defense and stated he was present for the entire trial, including the testimony of Dr. Jeanne Spencer and Emily Rogers. N.T. Trial, 10/9/13, at 14-37. Appellant timely appealed, and this Court affirmed on November 12, 2014. Calhoun, 2016 WL 4965111 at *1. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant timely filed a first PCRA petition on January 1, 2015, id., and the court appointed Devon Casti, Esq., as his counsel. The PCRA court denied the petition, and this Court affirmed on July 11, 2016. Id. at *5. Appellant, pro se, filed an untimely second PCRA petition. The PCRA court dismissed the petition, and Appellant did not appeal to this Court.

The PCRA court docketed pro se Appellant's third petition on July 5, 2017. His petition asserted that his claim was based on facts previously unknown to him. Appellant's Third PCRA Pet. at 3. Appellant, by way of background, argues that he was primarily convicted based on a telephone conversation between Ms. Rogers and Dr. Spencer. Id. Appellant contends that he received the trial transcripts on May 9, 2017, which is when he first learned Ms. Rogers had allegedly perjured herself. Id. Specifically, Appellant claims that the transcript establishes that Dr. Spencer testified at trial that she had denied conversing with Ms. Rogers about the victim. Id.

The PCRA court issued a Pa.R.Crim.P. 907 notice on July 20, 2017. The court docketed Appellant's pro se response on August 4, 2017, at 11:18 a.m. At that exact same time, the court filed its opinion formally dismissing Appellant's third PCRA petition. Appellant timely appealed on Tuesday, September 5, 2017. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement on Tuesday, October 10, 2017. . . .

Commonwealth v. Calhoun, 2018 WL 3454015, at *1 (Pa.Super. July 18, 2018) (footnotes omitted).

Appellant filed the within PCRA petition, his fourth, on March 6, 2020. Therein, he alleged the Commonwealth interfered with his custody of his

daughter "because of his sex under the corruption of minor, 18 Pa.C.S. § 6301(A)(1)(ii), of the Pennsylvania Crimes Code," and he made additional statements in that vein. For example, Appellant repeatedly maintained the Commonwealth prevented him from tending to certain medical needs of his daughter "because of his sex under the color of state law." See Petition, at 3, ¶¶ 2-17.

On March 12, 2020, the PCRA court issued its Notice of Intention to Dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907(1). In its Order entered on March 19, 2020, the court denied the instant PCRA petition as untimely.

Appellant filed a timely notice of appeal on April 3, 2020. On April 20, 2020, the PCRA court entered an Order directing Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed the same on May 14, 2020. The PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on May 12, 2020, wherein it stated it had addressed its basis for denying Appellant's fourth PCRA petition in its previously-filed March 19, 2020, Opinion.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. Commonwealth v. Wilson, 824 A.2d 331, 333 (Pa.Super. 2003) (en banc) (citation omitted). Although this Court is willing to construe liberally materials filed by a pro se litigant, his pro

se status confers no special benefit upon Appellant. Commonwealth v. Adams, 882 A.2d 496, 497-98 (Pa.Super. 2005). In addition, his claims to the contrary, only were this his first-time his PCRA petition would Appellant have a rule-based right to counsel. Commonwealth v. Figueroa, 29 A.3d 1177, 1180 (Pa.Super. 2011).

Initially, we note that Appellant's brief fails to comport with the Pennsylvania Rules of Appellate Procedure. First, he nowhere presents a clear statement of the questions involved as is required by Pa.R.A.P. 2111(a)(4) and 2116(a). Rather, he sets forth twenty-nine (29) individually numbered paragraphs that echo the statements he made in his PCRA petition and cites to no relevant authority in support of his statements. For this reason, his brief also does not satisfy Pa.R.A.P. 2119(a) requiring an appellant's argument to be divided into as many sections as there are questions presented and followed by a discussion with citation to relevant legal authority.

Issues not presented in the statement of questions involved generally are deemed waived. Krebs v. United Ref. Co., 893 A.2d 776, 797 (Pa. Super. 2006); Pa.R.A.P. 2116(a). However, "such a defect may be overlooked where [an] appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue." Werner v. Werner, 149 A.3d 338, 341 (Pa. Super. 2016) (citation omitted). The Commonwealth stressed herein that it could not discern Appellant's issues on appeal from the Argument section of his brief. Brief for

Appellee at 4, 8-10. Upon our review, we find the failure of Appellants brief to materially conform with the Rules of Appellate procedure has impeded both the Commonwealth's capacity to respond to Appellant's purported claims and this Court's ability to conduct a meaningful appellate review.

In addition, Appellant raised allegations of governmental interference for the first time on appeal. Generally speaking, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The issue preservation requirement ensure[s] that the trial court that initially hears a dispute has had an opportunity to consider the issue[,] which in turn advances the orderly and efficient use of our judicial resources[,] and provides fairness to the parties." Commonwealth v. Eisenberg, 98 A.3d 1268, 1274 (Pa. 2014) (internal quotation marks omitted).

In light of all of the foregoing, we deem any issues Appellant attempts to raise herein to be waived. Notwithstanding, to the extent Appellant's brief may read as his attempt to present the challenges he raised in his concise statement, he would not be entitled to relief.

Before we could address any substantive claim, the Pennsylvania Supreme Court has required that this Court examine whether we have jurisdiction to entertain the underlying PCRA petition. See Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999). A PCRA petition "must normally be filed within one year of the date the judgment becomes final … unless one of

the exceptions in § 9545(b)(1)(i)-(iii) applies." Commonwealth v. Copenhefer, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). A petitioner must plead and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the [three] timeliness exceptions applies." Commonwealth v. Abu–Jamal, 941 A.2d 1263, 1267–68 (Pa. 2008) (citations omitted).

Appellant's judgment of sentence became final on December 12, 2014, thirty days after this Court affirmed his judgment of sentence because Appellant did not file a petition for allowance of appeal with our Supreme Court. See 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

Pennsylvania, or at the expiration of time for seeking review"); see also Pa.R.A.P. 1113(a) ("[A] petition for allowance for appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court. . . sought to be reviewed."). Thus, Appellant had until Monday, December 14, 2015, to file his first PCRA petition. As such, the instant petition filed on March 6, 2020, is patently untimely, and we lack jurisdiction to reach the merits unless Appellant has pled and proven one of the three exceptions. 42 Pa.C.S.A. § 9545(b)(1); see also Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa.Super. 2007) (stating that if a petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Although Appellant baldy claims his constitutional rights have been violated, he has not referenced any of the exceptions to the PCRA, let alone pleaded and proved an exception under Subsection (b)(1)(ii). Instead, he merely rehashes meritless arguments he raised at trial and in previous PCRA petitions. As the trial court states:

> [Appellant] did not have his child removed from his care but was tried for criminal offenses committed against his child. At trial [Appellant] presented a defense to the charges which included a claim that he was providing necessary medical treatment to the victim and not engaged in inappropriate conduct. The jury, by of way of its verdict, rejected its defense. [Appellant] has offered no evidence that the jury's verdict was based on his gender rather

than a reasoned consideration of the facts of the case and the laws of the Commonwealth.

Trial Court's Opinion, filed March 19, 2020, at 4.

Thus, even if he had properly preserved issues for appellate review, we would find Appellant's fourth PCRA petition is patently untimely, he has failed to plead or prove an exception the PCRA's one year time-bar, and we lack jurisdiction to address the merits of Appellant's claims for collateral relief. See Derrickson, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020